provided reasonable suspicion to detain defendant and, once he was identified by the officers who had observed the earlier sale transaction, probable cause to arrest (*see e.g. People v Brown*, 237 AD2d 221 [1997], *lv denied* 90 NY2d 855 [1997]).

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]), we find that defendant did not preserve his claim that the court unlawfully imposed a mandatory surcharge and fees without including them in its oral pronouncement of sentence. Were we to review the claim, we would find it without merit (*id.*). Since the imposition of the surcharge and fees was a ministerial matter containing no element of discretion (*compare People v Williams*, 44 AD3d 335 [2007]), these portions of the sentence could be imposed by way of the court's commitment sheet and worksheet, which constituted "[entries] upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]).

Defendant's pro se claim that he was deprived of his right to appear before the grand jury is without merit (*see People v Wiggins*, 89 NY2d 872, 873 [1996]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADELAJA SOYEMI, Appellant. [849 NYS2d 188]—Judgment, Supreme Court, Bronx County (John Byrne, J.), rendered on or about November 14, 2005, unanimously affirmed. No opinion. Order filed. Concur—Lippman, P.J., Gonzalez, Sweeny and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LOPEZ, Appellant. [854 NYS2d 644]—Judgments, Supreme Court, New York County (Robert H. Straus, J.), rendered February 24, 2005, convicting defendant, upon his pleas of guilty, of two counts of grand larceny in the fourth degree, and sentencing him, as second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's findings that the photo array and lineup were not unduly suggestive. In each instance, defendant and the other participants were reasonably similar in appearance, and any difference was not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MENA, Appellant. [849 NYS2d 188]—Judgment, Supreme